Submitted on briefs January 21; affirmed January 28, 1936

# STATE EX REL. TEEGARDEN *v.* UNION HIGH SCHOOL DISTRICT NO. 1 ET AL.

(53 P. (2d) 1047)

*Earl A. Nott,* District Attorney, and *Elliott B. Cummins,* both of McMinnville, for appellant.

*Vinton, Marsh & Marsh,* of McMinnville, for respondents.

BELT, J. This is a proceeding in the nature of quo warranto to test the validity of the organization of Union High School District No. 1 for Yamhill county and the right of the directors and clerk thereof to hold their respective offices. The trial court overruled the demurrer to the answer and, upon refusal of the plaintiffs further to plead, entered judgment sustaining the validity of the union high school district and the right of the defendant officers to act. Plaintiff appeals.

It appears from the answer of the defendants that the legal voters of school districts Nos. 15, 16, 19, 26, 31, 39, 52, 59, 65, 77, 81, and 96 duly petitioned the district boundary board to unite such districts for high school purposes. The boundary board, after consideration of the petitions and the remonstrances thereto, ordered an election to be held in each of said school districts on the 23d day of August, 1930, to determine such matter. The election resulted in favor of the consolidation of the districts for high school purposes. Ever since the first meeting of the board of directors on August 29, 1930, the union high school has been continuously operated and taxes have been levied each year to maintain the same.

■■ The relator, after a lapse of five years, asserts that the organization of the union high school district is without validity for the sole reason that the notice of the meeting called in the respective districts to determine the question of forming a union high school district was signed by "S. S. Duncan, secretary of

district boundary board for Yamhill county, Oregon" and not by the chairman and clerk of the respective districts or the majority of the board of directors, as by statute provided (section 35-1002, Oregon Code 1930). No question is raised concerning the posting of the notices or the contents thereof.

Under and by virtue of section 35-3703, Oregon Code 1930, the district boundary board is authorized to direct the respective school boards of the districts proposed to be united to give notice of such meeting. Hence, the authority for the election in question did not emanate from the school boards of the various districts involved. The school officers of such districts had no discretion in the matter of calling an election. They acted in a merely ministerial capacity. It is noted that the above section even authorizes the district boundary board to designate the time of special elections for such purpose. As stated in *State ex rel. v. Hall*, 73 Or. 231 (144 P. 475):

"Direction to give notice of such meeting or election comes to the school board of the district as a mandate from the district boundary board, and the directors have no discretion in the matter. There is no alternative but for the school directors to give notice of or call the special election as directed. In case of the organization of a union high school district, the duties of the school district officers differ in character from those where the authority for a special meeting or election emanates from the board of directors, as was the case in Riggs v. Polk County, 51 Or. 509 (95 Pac. 5)."

The principle announced in the case last cited is controlling here and is adverse to the contention of appellant.

■ The signing of the notices by the county school superintendent was unquestionably irregular but it did not render the organization proceedings null and void.

To so hold, in view of the record in this case, would be unduly stressing technicalities.

■ We think the doctrine of laches also precludes granting the relief asked by plaintiff. Since August 29, 1930, Union High School District No. 1 of Yamhill county has been functioning as a union high school district. It has established and is carrying on a union high school in the town of Yamhill, Oregon, has provided high school facilities for all high school children within its boundaries, has furnished transportation for children residing within the district and in order to provide for conducting said high school has purchased supplies, employed and paid teachers and annually has levied taxes for the purpose of carrying on and maintaining said high school. Those who are particularly affected by the organization of the district have had the advantage of the union high school, and they, including the relator here, have contributed towards its support. No protest or remonstrance has hitherto been made against the proceedings for the organization of the district or against the functioning of the district as a legally constituted municipal corporation.

Laches in bringing proceedings to test the legality of the formation of the district and acquiescence in the district's carrying on its proper functions for this length of time bars the relator and others affected from questioning the validity of the formation of the district: *State ex rel. v. School District*, 148 Or. 273 (31 P. (2d) 751, 36 P. (2d) 179). It would be against public policy and the best interests of the district to declare at this time, especially in the light of the foregoing facts, that said district was not legally organized.

The judgment is affirmed.