MINNIE KAPLAN KLAR vs. JACOB JOSEPH KLAR.

Hampden.    September 18, 1947. — November 28, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Marriage and Divorce*, Cruel and abusive treatment, Alimony.

Findings by a judge of probate that a husband struck his wife; that he
drove his automobile for some distance when her wrist was caught
on it, until she fell to the road, and then drove on without stopping;
and that he threw a plate at her and cut her, warranted a conclusion
that he had been guilty of cruel and abusive treatment toward her.

It was within the power of the trial court in a divorce case to order ali-
mony consisting partly of periodic payments by the husband to the
wife and partly of a transfer of real estate and bonds by him to her.

LIBEL for divorce, filed in the Probate Court for the
county of Hampden on May 28, 1946.

The case was heard by *Denison*, J.

*G. J. Callahan*, (*A. J. Burati* with him,) for the libellee.

*J. E. Kerigan*, for the libellant.

LUMMUS, J.    This is a libel for divorce, dated May 16,
1946, brought by the wife against her husband, alleging
cruel and abusive treatment.    The answer denies the alle-
gations of the libel, and sets up cruel and abusive treatment
by way of recrimination.    The Probate Court granted the
wife a decree of divorce for cruel and abusive treatment,
with the custody of a minor child, and alimony for the sup-
port of herself and the minor child in the amount of $50 a
week, and also ordered the husband to convey to the nomi-
nee of the wife his interest in real estate at 1020 Sumner
Avenue in Springfield and to deliver to her all bonds in his
possession.    The husband appeals.    The case comes here on
findings of certain facts and a report of the evidence.

The judge found that the husband struck the wife when
she insisted on going to his office with him; that when she
attempted to get into his automobile her wrist became caught
on the automobile and he drove it for some distance until
she fell to the road badly bruised, when he drove on without

stopping and did not return for four days; and that on one occasion he struck the wife, threw her to the floor, and later threw a plate at her and cut her. Those findings were supported by the evidence. There was evidence of other violence toward the wife. The husband admitted using considerable violence toward her. It is true that in recrimination there was evidence of violence on the part of the wife toward the husband. But the judge was not required to find that her acts amounted to cruel and abusive treatment, or to believe the evidence at all. *Mooney* v. *Mooney,* 317 Mass. 433. *Reddington* v. *Reddington,* 317 Mass. 760.

By G. L. (Ter. Ed.) c. 208, § 34, "the court may decree alimony to the wife." Alimony payable in a gross sum, as well as payable by instalments, may be awarded. *Baird* v. *Baird,* 311 Mass. 329, 333. *Burrows* v. *Purple,* 107 Mass. 428, 432. In *Topor* v. *Topor,* 287 Mass. 473, it is intimated that specific property may be ordered transferred to a libellant by way of alimony. See also *Graves* v. *Graves,* 108 Mass. 314, 319. We see no reason why a court may not award alimony by way of a gross sum, and instalments, and a transfer of specific property in a single case, provided the aggregate is not excessive.

The parties were married on February 21, 1924, and it may be inferred that the wife is at least of middle age. She is not shown to have any substantial earning capacity. The husband testified that for a number of years his annual net income from his practice as a physician has been slightly more than $5,000, but he also testified that in 1945 his gross income was $13,720. Yet in the last few years he paid off a mortgage of $6,300, and acquired bonds worth $9,100, a postal savings account of $2,500, and a savings bank account of about $1,900. The judge could properly infer that his net income was considerably larger than that admitted by him. The decree did not require the husband to transfer the postal savings account or the savings bank account. The award made was for the support of the minor child as well as the wife. We cannot say upon this record that it was excessive. The opinion on this point is that of a majority of the court.

The husband complains that he was directed by the judge not to use notes made by him in testifying. The husband acquiesced in this ruling, and saved no rights. *Indrisano's Case*, 307 Mass. 520. It does not appear what the notes were, or how they could have helped him. In this matter no error appears.

*Decree affirmed.*