## HELTSLEY v. HELTSLEY.

Court of Appeals of Kentucky.
Oct. 19, 1951.

Hubert Meredith, Owensboro, for appellant.

T. O. Jones, Greenville, for appellee.

MILLIKEN, Justice.

After sixteen years of marriage and the birth of two children, a boy now eight and a girl now five years of age, appellant obtained a divorce from her husband, the appellee. In the judgment of divorce the chancellor awarded the appellant $20 a month alimony, $20 additional when the children were in her actual custody, but awarded the custody of the children for alternating two-month periods, first to their mother and then to their father. On this appeal the appellant asks for full custody of the children and for an increase in the allowance for both alimony and maintenance of the children.

The earnings of the appellee are variously estimated to range from $1,100 to $2,000 a year. According to the appellee his earnings amount to an average of $92 a month out of which he must pay his taxes and living expenses. The couple had acquired some land during their marriage, and this was sold for $1,700 and the proceeds of the sale divided equally between them. While the allowance is small, the appellee's income also is small.

Ordinarily, it is considered better for young children to have one haven which they consider home, and not be switched back and forth in such a way that they develop a sense of insecurity. And, ordinarily, such young children should be with the mother. In the instant case, the appellant and her mother live in the same small community and within walking distance for the children of the appellee's home. So far as we can discover from the record both homes are suitable for the rearing of the children.

The chancellor, we are sure, considered the welfare of the children to be his principal aim in apportioning their custody as he did. Apparently, the parties to this litigation can agree to nothing at this time, not even the right of the father to see and visit his children. It may be well to point out

974

here that the divorce was granted more than a year after the last proof was taken, and that the testimony supporting it is none too convincing.

█ Since questions involving custody of the children, KRS 403.070, the amount of alimony and of maintenance, KRS 403.060, are always open to modification in the trial court, we are reluctant to modify a decision of a chancellor in such matters except where his determinations impress us with being obviously unjust and erroneous. We have no such impression here. The chancellor usually knows the parties and the circumstances better than we can discern them from the typewritten record of the testimony. And also, in considering the welfare of the children, it is conceivable that he is estimating the chances of a reconciliation between their parents and the restoration of their own home and what course he should pursue in order to facilitate it.

The judgment of the chancellor is affirmed.