344 P.2d 986 (1959)
Peter REITVELD, J.N. Weigand and Arthur Roebling, for themselves and on behalf of all others similarly situated, Appellants (Plaintiffs below),
v.
NORTHERN WYOMING COMMUNITY COLLEGE DISTRICT, State of Wyoming, a body corporate, Appellee (Defendant below).
No. 2890
Supreme Court of Wyoming.
October 20, 1959.
R.G. Diefenderfer, Sheridan, for appellants.
Holstedt & Schwartz, Robert E. Holstedt, Sheridan, for appellee.
Before BLUME, C.J., and PARKER and HARNSBERGER, JJ.
Mr. Justice PARKER delivered the opinion of the court.
*987 Plaintiffs on behalf of themselves and all other persons similarly situated brought an action for declaratory judgment against defendant, seeking to have set aside as void an election of June 19, 1956, purportedly held under § 3, c. 238, S.L. of Wyoming, 1955, whereby the electors of School District No. 22, Sheridan County[1] voted to annex the school district to the Northern Wyoming Community College District, State of Wyoming.[2] The trial court found that the election and the proceedings preliminary thereto were irregular, but not to such an extent or in such respect as to make the election void or invalid, issued judgment in favor of defendant, and decreed that by reason of the said election the school district was annexed to the community college.
At the trial the plaintiffs contended and either by stipulation or evidence showed that prior to May 28, 1956, Albert Dumont, an instructor in the community college who previously had been a superintendent of schools at Clearmont, personally circulated among the electors of the school district a petition requesting that the school district be annexed to the community college. Dumont handed the petition to one of the school district trustees, secured the signature of the president and clerk of the school board on a resolution providing for an annexation election on June 19, 1956, at 2 p.m. at the Clearmont schoolhouse, and secured the signature of each of the trustees of the school district on a waiver of notice for special meeting to receive annexation petitions. It is admitted that there was no meeting of the trustees of the school district prior to the affixing of the signatures on either the resolution or the waiver and that the signing was accomplished at different times and places. A notice signed by John Brug, clerk of the school district, stating that the annexation election would be held from 2 to 4 p.m. on June 19, 1956, at the Clearmont Public School was published three times in the Sheridan Press at the expense of the community college. The annual meeting of the school district was held at 2 p.m. on June 19, lasting from forty-five minutes to an hour, and thereafter from about 3 p.m. to 4 p.m. an election on the question of annexation was held at the Clearmont school with forty property owners participating, twenty-one votes in favor of annexation and nineteen votes against. One elector, Daniel J. Lynch, testified that he appeared at the schoolhouse between two and three o'clock on the nineteenth, did not ask anyone if he could vote, but saw that he could not do so and left. He said that if he and his wife had been able to vote they would have voted against the annexation.
Plaintiffs' brief and argument discuss the same points as raised in the petition wherein the first cause of action asserted that the election was void because the trustees of the school district did not at a meeting take the steps required by the statute essential to the annexation and election and the second cause charged that the election was void because the polls were not open for the full period of two to four o'clock on the afternoon of June 19.
On the first cause of action, plaintiffs say and defendant concedes that the election was governed by the provisions of c. 238, S.L. of Wyoming, 1955, and in particular by subdivision (b) of § 3 thereof which provides that the trustees of a school district shall at their first meeting after having received the annexation petition give notice of the proposed election by publication. They then insist, still without contradiction by the defendant, that a board such as that of a school district can act only at a meeting; and to give present effect to this principle they cite State ex rel. Graff v. Steele, 106 Wis. 475, 82 N.W. 295, as holding that if a notice of an election is required to be given by a board, it must be authorized by official action at a meeting duly held. Unfortunately, the Steele case *988 does not refer to an election and is therefore of doubtful value on the point. Plaintiffs cite Giles v. School District No. 14 in Sanborton, 31 N.H. 304, to support their claim that the publication of notice of election by the community college, a volunteer, was a nullity and without force and effect; but we find little in the Giles case to support this view. They quote excerpts from 18 Am.Jur. Elections §§ 106, 206; 29 C.J.S. Elections § 72; and 78 C.J.S. Schools and School Districts § 38 as bearing on the fatal lack of a meeting of the school district trustees. These authorities upon examination are found to deal with the failure to give notice of an election rather than with the point at issue. Moreover, it is noteworthy to observe a statement in each of these quotations indicating that failure to comply with the statute which requires notice of an election vitiates such election only if the failure or deviation affects its merits. Insofar as the cited authorities are concerned then, the point upon which plaintiffs chiefly rely is that the election here was affected by the school district's failure to comply with the statute. Curiously enough, this is in essence the principal argument of defendant, it being maintained that election laws are mandatory if they are enforced prior to an election but thereafter they are directory only, unless failure of compliance obstructs a free and intelligent casting of the ballot.
Accordingly, we look to the record to ascertain whether any electors deprived of their vote would have altered the result of the election had they been allowed their ballot. The only evidence is that of Daniel J. Lynch who said that on the morning of June 19, 1956, he knew of the proposed annexation election; that about 2:40 p.m. he in company with another elector went to the schoolhouse, about 150 steps from his back door. He saw no one but a man making a speech or holding a class in the back of the schoolhouse, left at 2:50 p.m. and returned to the store, telling his wife they would wait until the voting started; but he said that later they got busy and did not go. He testified that he and his wife would have voted against the proposition. Plaintiffs insist that even though the statements of witness Lynch regarding his wife were hearsay they were given without objection and must stand. Assuming that this argument is valid and further that Daniel J. Lynch actually presented himself to vote and was deprived of his right to the ballot, we still have no evidence which fairly interpreted would permit us to say that Mrs. Lynch made any attempt to vote. The only statements on the point were contained in his answer to an inquiry about the arrangements regarding the vote when he said he "was to vote first and come back and let her go right over and vote * * * went back [to his place of business] at 2:50 then and told my wife we'd wait until the voting actually started, but we got busy then." Such statements seem so remote and indefinite that they can scarcely be interpreted as showing either a presentation for voting or a deprivation of the right to vote. Every reasonable presumption will be indulged in favor of the validity of an election which has been held, and the one asserting that the election is irregular must bear the burden of showing that it is otherwise. Anselmi v. City of Rock Springs, 53 Wyo. 223, 80 P.2d 419, 116 A.L.R. 1250; 29 C.J.S. Elections § 274. The evidence which plaintiffs presented failed to overcome the presumption in favor of the validity of the election, and we think the trial court was correct in finding that there was not such irregularity as to make the election invalid.
On the first cause of action, plaintiffs argue that the notice of election was required to be posted under the provisions of § 67-632, W.C.S. 1945. Such contention is hardly consistent with their earlier reliance upon c. 238, S.L. of Wyoming, 1955, §§ 3 and 4 of which provide for an election  not a district meeting  and for notice by publication rather than by posting as is required for district meetings. They insist that all statutes on the same subject matter must be construed together and from that principle deduce that the posting is proper, citing Jensen v. Town of Afton, *989 59 Wyo. 500, 143 P.2d 190; Civic Ass'n of Wyoming v. Railway Motor Fuels, Inc., 57 Wyo. 213, 116 P.2d 236; and Carpenter & Carpenter, Inc. v. Kingham, 56 Wyo. 314, 109 P.2d 463, 110 P.2d 824. It is true that as indicated in these cases statutes involving the same subject matter should be construed in pari materia; but as Judge Blume pointed out in the Carpenter case, if a special act is inconsistent with the general law then the provisions of the special act must control. In the instant case the legislature provided specifically for the method of annexation of a school district to an established community college district and did not provide for any school district meeting as a requirement in the process. Accordingly, the provisions of c. 238, S.L. of Wyoming, 1955, control and here posting was unnecessary.
Plaintiff's second cause of action is predicated upon the allegation that the election polls were not opened at the hour required by law or as stated in the published notice of election and by reason thereof two qualified electors, Mr. and Mrs. Daniel J. Lynch, were prevented from voting at the election. To support such claim, counsel quotes 29 C.J.S. Elections § 198, which says in part:
"On the other hand, statutory provisions as to the time of opening and closing the polls have been held so far directory that the election is not vitiated by an irregularity in this respect * * * which does not affect the result * * *."
Thus, reliance is again placed on the fact that the result of the election was changed, this time for the reason that the polls were not open between the hours of two and three on the afternoon of June 19. We have already discussed fully the statements of witness Lynch which constitute the only evidence on the subject. Plaintiffs have failed to show that the hours during which the polls were open had any effect upon the election, and this was their obligation if they were to prevail. Hendricks v. School Dist. No. 1, 44 Wyo. 204, 10 P.2d 970.
It is unnecessary to discuss the alleged error of the court in holding plaintiffs guilty of laches since such finding was not essential to the judgment of the trial court.
In arriving at our decision, we are not unmindful of views which courts have occasionally expressed to the effect that an election called without a formal meeting of the school board authorized to call it is a nullity, e.g., State ex inf. Mooney ex rel. Stewart v. Consolidated School District No. 3, Mo. App., 281 S.W.2d 511; State ex rel. White v. Lockett, 54 Mo. App. 202. We are likewise aware of certain decisions which, minimizing the authority of a school board when it is directed to give notice, say that in such a situation the school board has no alternative but to give the notice and accordingly that a meeting is unnecessary, e.g., State ex rel. Teegarden v. Union High School Dist. No. 1, 152 Or. 412, 53 P.2d 1047; State ex rel. Birdwell v. Hall, 73 Or. 231, 144 P. 475. We doubt if the views expressed in either line of cases should control a situation such as the one now before us for we incline to the view expressed in Anselmi v. City of Rock Springs, supra, that an election is not to be set aside for mere informalities or irregularities unless they are shown to have affected the result of the election.
It is intimated in the argument that the irregularities in the case caused a very small proportion of the qualified voters in the school district to exercise the ballot. We find no proof of this whatever. As far as the record shows, with the possible exception of Daniel J. Lynch, there was no one misled about the election, and no one who desired to vote failed to vote because of lack of information or misinformation. Courts cannot supply fatal defects of pleadings or evidence.
The judgment of the trial court must be affirmed.
Affirmed.
NOTES
[1] Hereinafter referred to as "the school district."
[2] Hereinafter referred to as "the community college."