Julius O. MARTENS, Appellant,
(Defendant below),

v.

Dorothy MARTENS, Appellee,
(Plaintiff below).

No. 2997.

Supreme Court of Wyoming.
Sept. 26, 1961.

Thomas J. Carroll, of Carroll, Cole & Karjanis, Cheyenne, for appellant.

W. A. Swainson, of Swainson & Swainson, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff, the wife, brought suit against her husband for separate maintenance. Defendant cross-petitioned for divorce and the court entered its decree as follows, without the caption:

"The Above Entitled Matter having come on before the Court for hearing on the 20th day of April, 1960, and the Plaintiff appearing in person and by her attorney, W. A. Swainson and her witnesses and the Defendant appearing in person and by his attorney, Bernard E. Cole and with his witnesses and the Court then proceeded to hear the evidence on a Complaint for separate maintenance and at the conclusion of the testimony deferred disposition of the said matter, and then proceeded to hear the testimony of the Plaintiff and the witnesses on Defendant's Cross Complaint for a divorce and after hearing the testimony found generally for the Defendant on his Cross Claim *for a divorce, and found for Plaintiff on her action for separate maintenance,* and awarded the sum of $125.00 monthly to Plaintiff for separate maintenance on her Complaint and the Court being advised in the premises:

"It Is Hereby Ordered, Adjudged And Decreed that the Defendant shall pay to the Plaintiff *in her action for separate maintenance* the sum of $125.00 monthly, payable at $62.50 on the 3rd day of May and $62.50 on the 18th day of May, $62.50 on the 3rd and 18th day of each month thereafter for her separate maintenance.

"It Is Further Ordered, Adjudged And Decreed that Defendant *in his divorce action* is awarded an absolute divorce from Plaintiff and the marriage heretofore existing between the parties hereto be and the same is hereby dissolved. Each party is given an exception.

"Done in Open Court this *7th* day of *May,* A. D., 1960.

"[Signed] Sam M. Thompson
"Judge"

(Emphasis by italics indicates ink-penned interlineation by the court.)

In his brief, appellant's counsel says:

" * * * The trial court specifically designated that the monthly support award were [sic] on Appellee's action for separate maintenance. The trial court made no attempt to justify the award by making the award a part of

the divorce action. Apparently for the reason that there were no pleadings in the divorce action that could, in any way, support an alimony or support award."

■ While this statement is not as specific as might be desired, we understand counsel is contending that because the award was made in the wife's action for separate maintenance, that award terminated upon the granting of the divorce to the husband, notwithstanding it was made simultaneously with and in the same decree by which the divorce was granted; that the wife's pleadings were insufficient to support an alimony or support award; and that the award to the wife was improper because it was not made in the husband's divorce action.

It is true that there are many decisions which hold that a prior award for separate maintenance is abrogated by a later decree of absolute divorce. But that is not universally the holding of all courts. However, cases which hold a subsequent decree of absolute divorce nullifies a previous award for separate maintenance do not meet the situation in the appeal now before us. This is because both the maintenance decree and the divorce decree were granted in the same action, at the same time, and by the same instrument. We do not conclude the trial court intended to blow hot and cold in the same breath by granting maintenance money to the wife and simultaneously making that award ineffectual when granting defendant a divorce.

■ The attack upon the sufficiency of the pleadings in the husband's divorce action is not well taken. In the first place, in the wife's answer to the husband's cross-petition for divorce, titled as a reply, the wife, after denying charges made against her, expressly renewed her prayer for support and maintenance. Under the statutes of this State, upon the granting of a divorce, the court is privileged to make reasonable provision for the support and maintenance of the wife, as an incident to the granting of a divorce, and without there

being any pleading to support such an award.

Section 20–63, W.S.1957, expressly authorizes the court to award a wife reasonable alimony when granting a divorce.

In Closson v. Closson, 30 Wyo. 1, 8, 215 P. 485, 486, 29 A.L.R. 1371, 1373, it was explained that although marriage is a civil contract from which springs a relation or status in which the State and the public are interested, and which has always been deemed subject to legislative control, our laws with reference to awarding alimony upon the dissolution of a valid marriage are peculiarly dependent upon a local statute. In Wyoming, the legislature has by the above-noted statute made the award of support and maintenance for a divorced wife incidental to the granting of a divorce.

■ We feel the words "alimony", "support" and "maintenance" in divorce matters have substantially the same intendment and an award for support or for maintenance may be expressed as alimony.

In 17 Am.Jur., Divorce and Separation, § 560, p. 655, it is said: "Alimony, which signifies literally nourishment or sustenance, is an allowance for support and maintenance, or, as is sometimes said, a substitute for marital support." For cited authorities see notes 9, 10, and 11. It is further said: "It [alimony] is the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced." See note 12 for cited authorities.

In Ceiga v. Ceiga, 114 Ind.App. 205, 51 N.E.2d 493, 495, it was said:

" * * * Alimony is the allowance made by order of court for the maintenance and support of a wife living apart from her husband, whether divorced or not. * * *"

In Davis v. Davis, 15 Wash.2d 297, 130 P.2d 355, 359, the court stated:

" '[Alimony is] An allowance made to a woman for her support out of the estate or income of her husband, or of

him who was her husband, upon her legal separation or divorce from him, or during a suit for the same. * * *'"

The court's use of the words "separate maintenance" in granting the wife a monthly allowance for her support rather than to term that award "alimony" does not change its character of being a provision for her support and care after divorce. Nor does the decree's wording "that the Defendant shall pay to the Plaintiff in her action for separate maintenance the sum of $125.00 monthly" change the fact that the award was being made as an incident to the granting of a divorce and in the divorce action.

We find no error in the proceeding before the trial court. Its judgment is affirmed.

Affirmed.