John Eric HENDRICKSON, Appellant
(Plaintiff below),

v.

Lena Paulette HENDRICKSON, Appellee
(Defendant below).

No. 4890.

Supreme Court of Wyoming.

Aug. 2, 1978.

Frank J. Jones, Wheatland, signed the brief and appeared in oral argument on behalf of the appellant.

Bruce P. Badley, of Badley, Rasmussen & Shoumaker, Sheridan, signed the brief, and Mr. Badley appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The appellant-plaintiff raises in this divorce case on appeal the following issues:

1. Did the trial court err in granting alimony though not put in issue by the pleadings or any testimony at trial?
2. If the trial court did possess power to award alimony, was there sufficient evidence on which to base the award?
3. If alimony was properly awarded, was the award excessive?

We will affirm.

Appellant-plaintiff-husband, age 29, sought a decree of divorce from his appellee-defendant-wife, age 24. The divorce was granted, and the decree provided custody of the couple's child to be with the wife along with child support payments by plaintiff to defendant in the sum of $200.00 per month plus all medical expenses. The trial judge, in addition, divided the property[1] and awarded alimony payable by plaintiff to defendant in the amount of $300.00 per month for a period of 48 months, a total of $14,400.00. Plaintiff was further required to pay $500.00 attorney's fees for defendant at the rate of $100.00 per month.

The defendant in her answer to plaintiff's complaint made no specific claim to alimony, praying only "for such other and further relief as the court deems just and equitable." During the trial, it was developed during plaintiff's case-in-chief that his income as a welder with the Amax Coal Company was, in 1973, $9,915.31; in 1974, $11,363.76; in 1975, $18,164.66; and in 1976, $25,817.36, upon which an income tax of $4,445.56 was payable. Debts of the marriage appeared to be no factor. At the time of trial, plaintiff's earnings were at the same rate as 1976.

The testimony of plaintiff further revealed that pending trial plaintiff had initially and voluntarily given to the wife for her support and that of their child, $700.00 per month, reducing those payments as time went on in $100.00 increments to $400.00 per month at the time of the divorce trial. An income tax refund for 1976, in the sum of $748.00, was divided equally between them. After their separation, plaintiff bought a trailer house with a payment of $200.00 per month and space rental of $100.00 per month in which to live between January and July, 1977, and contributed to his widowed mother $2,700.00 to assist in her support. During his testimony, plaintiff himself suggested child support of 15% of his gross income, or about $300.00 per month; he made no suggestion as to alimony.

The transcript of testimony discloses only that the wife was employed at the time of trial, but no type of work or salary is shown. The record is barren as to her skills or particular needs. There was no attempt made by trial counsel on either side of the case to develop evidence to show defendant's expenses for housing, subsistence or any other of her costs of living, either then existing or projected.

Plaintiff's gross income would be $21,371.80 after income taxes. While we think there would be other deductions, perhaps for union dues, health insurance, life insurance, etc., we do not know what. The record discloses him to have only one expense, $300.00 per month for a trailer and trailer space. There must be other expenses, such as for subsistence, transportation to and from work, clothing and other costs of living which as a matter of common knowledge must exist, but we cannot speculate what they might be.

We are satisfied that under pertinent law and precedent of this court, alimony may be allowed by the trial judge, section 20-2-114, W.S.1977, providing:

"In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits

---

1. The husband was awarded several motorcycles in various states of repair, valued at $3,000–$4,000; guns worth around $500.00; a 1968 Ford truck, maybe worth $600.00 with a welder; his tools and work-related equipment, no value disclosed; and a piece of real property he had inherited, valued at about $2,500.00. The wife was awarded a 1970 Pontiac, maybe worth about $600.00, along with all household furniture and effects, including a piano, valued at between $2,000–$4,000.

of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired, and the burdens imposed upon the property for the benefit of either party and children. *The court may decree to the wife reasonable alimony out of the estate of the other having regard for his ability* and may order so much of his real estate or the rents and profits thereof as is necessary to be assigned and set out to either party for life, or may decree a specific sum be paid by him." [2] (Emphasis added.)

The legislature has by this section made the award of support and maintenance for a divorced wife incidental to the granting of a divorce and no pleading is necessary to support such an award. *Martens v. Martens*, Wyo.1961, 364 P.2d 995. See also *Closson v. Closson*, 1923, 30 Wyo. 1, 215 P. 485, 29 A.L.R. 1371, wherein this court spoke approvingly of precedent cited which stated that alimony may be granted, even where not requested, the statute being notice and warning to a husband that the matter will be naturally and normally considered and allowed by the court, if proper, even though not raised in the wife's answer. We so hold in this case.

 Nor can we say that the testimony failed to raise the question. The husband's testimony dealt in great detail as to his property and income. The plaintiff complains that there is no evidence of the wife's income and her needs but we note that he, through counsel, failed to examine his wife in that regard and passed up the opportunity for bringing any further facts before the trial judge for his consideration. We observe that the statute is framed in language that relates to the "ability" of the husband and says nothing about the ability of the

wife to support herself in whole or in part. Nor did the plaintiff ever offer any evidence to the court which would indicate an inability on his part to pay the amount awarded. Courts cannot supply evidence. *Reitveld v. Northern Wyoming Community College District*, Wyo.1959, 344 P.2d 986. The controlling element in the award of alimony is always the ability of the husband to pay, though other matters may be considered. *Lonabaugh v. Lonabaugh*, 1933, 46 Wyo. 23, 22 P.2d 199. We hold that there was sufficient evidence before the court upon which to base an award of alimony.

 With the evidence before it, we cannot see that the trial court's award was excessive. This court has many times had before it the question of the award of alimony to the wife and its amount. The trial court judge is privileged to make an award of alimony to the wife and it is largely within his discretion. *Biggerstaff v. Biggerstaff*, Wyo.1968, 443 P.2d 524. The decision of the trial court should not be disturbed, except on clear grounds, because that court is usually in a better position than the appellate court to judge the respective needs and merits of the parties. *Young v. Young*, Wyo.1970, 472 P.2d 784; *Ramsey v. Ramsey*, 1956, 76 Wyo. 188, 301 P.2d 377. A further reason for allowing the trial judge extensive latitude in the allowance of alimony and not disturbing the same unless obviously excessive, erroneous, or unjust, is that such an award always remains open; and upon application, where conditions and circumstances have changed, the trial court can provide relief and modify the allowance. *Heltsley v. Heltsley*, Ky. 1951, 242 S.W.2d 973; *Cawley v. Cawley*, 1921, 59 Utah 80, 202 P. 10. It is so specifically provided by statute in this state. Section 20–2–116, W.S.1977.[3]

2. As amended by sec. 1, ch. 152, Sess. Laws, Wyo.1977. With respect to the emphasized portion and the general thrust of the section, there is no change from sec. 20–63 W.S.1957.

3. Section 20–2–116, W.S.1977, permitting revision, is as follows:

"After a decree for alimony or other allowance for a party or children and after a de-

cree for the appointment of trustees to receive and hold any property for the use of a party or children, the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the alimony or allowance or the payment thereof and respecting the appropriation and payment of the principal and income of the property so held in trust and

■ The evidence discloses that the wife was not employed during the course of their marriage. They were married on February 9, 1973, at which time she would have been about 20 years of age. There is no evidence that she has any special skills or qualifications for any particular employment nor any estate of her own, wealth or separate income of any sort. The child of the parties at the time of the divorce was only about three years of age and that could reasonably be expected to affect the defendant's ability to earn. Until the divorced wife gains employment experience, her earning capacity is indefinite. A period of transition of four years, during which she would receive alimony assistance, does not appear unreasonable and was within the court's discretion upon the basis of the evidence before it. We can see no clear grounds for upsetting the allowance of alimony. The burden rested upon plaintiff to establish that the wife was capable of taking care of herself, in whole or in part. A failure of proof by a party upon whom the burden of proof rests must accrue to the benefit of the party who negatives the issue. *Pullman Company v. Finley*, 1912, 20 Wyo. 456, 125 P. 380; West's Digest System, Evidence, Key No. 98. When no witness is called or evidence produced on a point, it is assumed such testimony or evidence would be adverse. *Benedict v. Citizens' Nat. Bank of Casper*, 1932, 44 Wyo. 466, 13 P.2d 573, 574; *Hildebrand v. C. B. & Q. R. R.*, 1932, 45 Wyo. 175, 17 P.2d 651.

Though we have affirmed the district court in this case, we wish to express some dissatisfaction with the fashion in which the case was tried.[4] In the absence of any other evidence, a wife who wishes to have alimony awarded should present and by proper trial methods bring out evidence relative to the husband's ability to pay alimony. The evidence on the issue in this record is sketchy, and for that reason not as satisfactory as we would prefer, though marginally sufficient. On the basis of what this court has said previously in *Young v.*

may make any decree respecting any of the matters which the court might have made in the original action."

*Young*, supra, and *Biggerstaff v. Biggerstaff*, supra, the district court was not without information as to the husband's ability to pay and the needs of the wife. There was as much information here as in *Young v. Young*, supra.

In divorce cases, counsel perform their duties to their clients and the court only if specific, detailed and complete information is presented to the court showing the earnings and financial resources of both the husband and wife, their respective expenses and other obligations. Since the parties know about their own earnings, resources, expenses, and other obligations, it is only fair to require each to make a full disclosure of that information at the trial. In this way, the court would be furnished all the information needed to make a fair and equitable decision.

■ The defendant-appellee seeks attorney's fees for her representation in this appeal in a divorce matter. Such fees are properly allowable. The record shows no affluence on her part and the plaintiff-appellant has cast upon her the burden of protecting her position. Under those circumstances, we will allow what we consider to be a reasonable sum of $300.00 to be applied against whatever appellee's attorney's fees may be payable at the rate of $100.00 per month, the first of which payments shall become due on September 1, 1978. *Heyl v. Heyl*, Wyo.1974, 518 P.2d 28, reh. den. We consider that there was reasonable cause for appeal, so we shall deny any award of damages as requested by defendant-appellee pursuant to Rule 72(k), W.R.C.P. Our allowance of attorney's fees is pursuant to the court's authority to do so in divorce matters to assist the defendant in the continuing defense of the action, sec. 20–2–111, W.S.1977, and not as a penalty under Rule 72(k), W.R.C.P.

Affirmed.

4. Appellant's counsel here was not his trial counsel.

McCLINTOCK, Justice, dissenting, with whom ROSE, Justice, joins.

I would concede with the majority that the allowance of alimony is a subject peculiarly within the discretion of the trial court. Under our practice of "notice pleading" and particularly in view of the fact that the subject of defendant's income seems to have been gone into in the evidence, I am not greatly concerned that issues concerning alimony were not alleged, thereby delineating the issues upon which the case would be tried. I do not believe that great harm is done to a plaintiff-husband, suing for termination of a marriage that has lasted for a period of years (in this case four), by requiring him to litigate the question as to the amount of alimony which will be allowed to the defendant-wife.

Perhaps unimportantly, it is my personal view that alimony imposed in a marriage of short duration should not be a weight around the husband's neck pressing him deeper and deeper into an inescapable morass as he seeks to reestablish his own life. It is a form of assistance to enable the wife as well to find that new life and temporarily to assist her in regaining the presumably self-supporting and independent status she enjoyed before the marriage; she should have help in resuming her former position.[1] If the wife has been gainfully employed during the marriage, it is less difficult for her to assume an independent status. If she has not, but is possessed of training and skills, she may be able with a refresher course again to find gainful employment. I do not say that the trial judge has not attempted to make provision for this. I say that he has done so without evidence.

I concede that how property will be divided, or what alimony is required, is a difficult question, depending upon the circumstances of the parties. If both are rich, should the husband be required to furnish his wealthy wife with all the amenities which he has theretofore provided, or should the wife be required in some measure to provide her own support? If the parties are of modest means, the question of what provision shall be made may be even more difficult, but the needs of the wife and the sources of revenue to satisfy those needs can never be an irrelevant question. Liberality of pleading does not obviate the need of evidence on the question.

In *Anderson v. Anderson*, 72 Wis.2d 631, 242 N.W.2d 165, 171 (1976) it is said:

"Both alimony and support payments are fixed on the basis of the needs of the wife and children and the ability of the husband to pay. These needs are ordinarily established by a consideration of the wife's assets and income, her special needs, the age and health of both the wife and children and their customary station in life. * * *"

In 24 Am.Jur.2d, Divorce and Separation § 620, p. 741,

"The question whether permanent alimony shall be allowed is determined by the necessities of the wife and the financial ability of the husband."

I would say in this case then that while the court properly permitted consideration of many of the elements weighing upon the amount of alimony that should be allowed (and I would not be understood as saying that he has grossly abused his discretion or has seriously erred in the allowance that he has made), the record is seriously bare of any real evidence to use as the basis for any award. I think that what the Supreme Judicial Court of Massachusetts said in *Hillery v. Hillery*, 342 Mass. 371, 173 N.E.2d 269, 272 (1961), while pertinent to the question of the husband's income and ability to pay, is pertinent in this case:

"The trial of a case is not to be converted into a game of hide and seek and the judge very properly expressed his disapproval of the evidence given by the libellee and his witnesses. But this evasive-

---

1. Compare this statement with that of Mr. Justice McIntyre in *Young v. Young*, Wyo., 472 P.2d 784, 786 (1970) that

"We think there has been a tendency in recent years for the trial courts to get pretty much away from alimony. And that is probably good."

ness or untruthfulness cannot itself be the basis of a finding that the libellee's income was substantially in excess of what was actually shown. * * *

"The libellant had the burden of showing what the libellee could afford to pay. A decree ordering alimony or support must rest on something more than disbelief of the libellee and his witnesses. In *Klar v. Klar*, 322 Mass. 59, 76 N.E.2d 5, relied on by the libellant, there was a more solid foundation for the order than here."

Quoting from 27B C.J.S. Divorce § 248b, p. 31:

"An award of alimony must be based on some evidence, and except where otherwise provided by statute and except in some jurisdictions in the case of a suit for separation from bed and board, the burden of making a prima facie case for granting an allowance to the wife for alimony or for counsel fees and expenses is cast upon the wife. The decree or order cannot rest on mere presumption or conjecture; all the facts on which the decree or order is founded must be proved."

And it was said in *Bowes v. Bowes*, 287 N.C. 163, 214 S.E.2d 40, 47 (1975):

"The burden of proof was on the plaintiff [wife] throughout the case. Defendant was under no legal duty to offer any explanation as to any of plaintiff's evidence (although we note he elected to do so). In fact, based on our examination of the evidence in this record, we are of the opinion that plaintiff has failed to make out a *prima facie* case for the award of alimony based on earning capacity."

I have been unable to find any Wyoming case specifically on the point, but it has always been my assumption that the burden of proof, as indicated in *First National Bank of Morrill v. Ford*, 30 Wyo. 110, 118, 216 P. 691, 693 (1923),

" * * * is upon the party asserting the affirmative of an issue, using the latter term in the larger sense and as including any negative proposition which such party might have to show. If he alleges a fact that is denied, he must establish it.

He is the actor and as such remains so throughout the case as to the allegations which he makes, or rather must make. Having alleged the truth of a matter in issue, he must prove it."

Admitting that in this case we have recognized the provisions of the statute as being a substitute for allegations in the complaint, I do not think that we can go so far as to permit that statute, which is certainly not evidentiary in any way, to supply the evidence. Mrs. Hendrickson, in this court at least, contends that she needs certain amounts for her support which the husband is able to provide. Admittedly the husband's income appears substantial, but we have no real knowledge as to what his legitimate expenses are. The needs of the wife and the ability of the husband to pay are both material issues in the case, and I believe the trial judge has been put on the spot of having to require further evidence or make his own best guess. I cannot accept this latter course, and while I can agree with the majority in their view that "[a] failure of proof by a party upon whom the burden of proof rests must accrue to the benefit of the party who negatives the issue," I simply cannot accept their statement that "[t]he burden rested upon plaintiff to establish that the wife was capable of taking care of herself, in whole or in part," 583 P.2d at 1268, as being good law and would submit that it ignores the realistic requirement set forth in *Ford*, supra.

I would also take exception to the majority's reference to *Biggerstaff* and *Young* as Wyoming cases consistent with the position they take. *Biggerstaff* holds only that "generally speaking the allowance or disallowance of alimony lies within the discretion of * * * [the trial] court" and says nothing about the burden or measure of proof necessary to support an alimony award, 443 P.2d at 528. In *Young* it is expressly said that "appellee's need for alimony was shown in the evidence." 472 P.2d at 787. I do not argue about the right and discretion of the trial court to make alimony allowances. I only claim that the burden of proof rests with the wife to allege and prove such need.

I would also say that the statement in *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 39, 22 P.2d 199, 204 (1933) that allowance of alimony depends on the

" * * * station in life of the parties, the manner in which they have lived, and the income of the husband are all very properly to be taken into consideration in determining the amount of alimony which should be paid * * *,"

and the further statement therein that "the controlling element naturally [is] the ability of the husband to pay" are to be applied with circumspection and should not leave out of consideration the questions whether the wife is working or has worked, how long she was so employed, her earning ability, what income she could expect and what are her needs commensurate with the life which she has been leading with her husband.

Section 20–2–116, W.S.1977 specifically provides that

"After a decree for alimony or other allowance for a party or children * * *, the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the alimony or allowance * * * and may make any decree respecting any of the matters which the court might have made in the original action."

Notwithstanding the broad purport of this language, it has consistently been held by this court that it is changed circumstances which make possible such changes. In *Rubeling v. Rubeling*, Wyo., 406 P.2d 283, 284 (1965), it is stated categorically:

" * * * [W]e are compelled to answer that proof of change of circumstances is required in a support-modification proceeding, even though it is proved that the support requirements are, for practical purposes, impossible of attainment by the father."

And in *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244, 1252 (1976) this court, speaking more specifically to an alimony situation than in the previous case, summarizes the law in this fashion:

"Any modification of the judgment nisi by a court of this state must be consistent with our previous decisions declaring that a modification hearing is not a time to reconsider the evidence and premises upon which the original judgment was entered but only to consider whether there has been such change of circumstances as to warrant a different decree. [Citations omitted]"

The point I wish to make is that in the original trial of this case an alimony payment has been entered without what I consider to be proper evidence. Circumstances may arise which would make it desirable to change that decree but which are difficult to prove. We would then have a situation where a decree of alimony, not really based on evidence that is factually probative, may not be changed because it cannot be shown that there has been a change of circumstances. I therefore do not consider that I am being captious when I insist that this case of little financial moment be tried under the same rules that should be applied if the amount involved were multiplied many times. I think that the majority would agree with me that both parties have in this case done a pretty poor job of presenting the facts as to the financial condition of the parties, and to my way of thinking the wife is no more excused from making out the necessary requirements for a judgment in her favor than is any other party upon whom the burden of proof rests. I consider the record in this case wholly inadequate for any meaningful disposition of the financial rights of the parties and would therefore reverse the judgment, except as to the granting of the divorce and the award of child support, as to which there is no dispute, and remand the cause for further proceedings upon the question of alimony to the wife.