[Civ. No. 21536.   Second Dist., Div. Three.   Aug. 3, 1956.]

MARILYN M. LOW, Respondent, v. SETH S. LOW et al., Appellants.

Pat A. McCormick, Patrick H. Ford and Henry C. Clausen for Appellants.

Jerry Giesler and Meyer M. Willner for Respondent.

VALLÉE, J.—Defendant Seth Low, referred to as the husband, appeals from parts of an order made on application of plaintiff in an action for divorce. Defendant Nanco, Incorporated, appeals from the entire order. The cause is here on a settled statement.

On March 31, 1955, plaintiff applied for alimony pendente lite, an allowance for support of two minor children, for their custody, and for an order restraining defendant husband and Nanco, Incorporated, from disposing of any community property. The application was supported by two affidavits of plaintiff. An order to show cause issued. The husband filed a counteraffidavit.

Counsel for plaintiff and counsel for the husband stipulated that the matter be heard by a judge pro tempore, and an order was made to that effect. Nanco had been served with process and had made an appearance by its attorney. Counsel for Nanco did not join in the stipulation for the appointment of a judge pro tempore.

After a hearing an order was made in part as follows: The husband "to pay $500.00 on account of expenses of accountants to assist plaintiff in examination of the records of Nanco Incorporated," and "to pay all bills listed in Plaintiff's exhibit 1 except" certain specified items; and restraining both parties "from disposing or encumbering community property except for payment of legal fees, costs, except in the ordinary course of business or for the necessities

of life.'' The husband appeals from the parts of the order directing him to pay the bills listed in exhibit 1, to pay accountants' fees, and enjoining him from disposing of or encumbering community property.

### The Appeal of the Husband

The first contention is that the order is void for want of jurisdiction insofar as it orders the payment of bills and accountants' fees because none of the moving papers on which defendant stipulated to the hearing of the matter by a judge pro tempore contained any application for the payment of bills or for accountants' fees; because there was no evidence supporting the implied finding of the necessity for the payment of bills or for accounting services; and because accounting services are not money ''reasonably necessary for the cost of maintaining'' the action within the meaning of Civil Code, section 137.3. It is also urged the order is ambiguous and unintelligible in that it does not specify which bills defendant is to pay, the sums ordered, or to whom they are to be paid. And it is claimed the part of the order restraining the husband from disposing of or encumbering community property is without support in the evidence.

*The bills.* In plaintiff's first affidavit, sworn to March 25, 1955, in answer to the question ''Here state additional material facts if any,'' she stated she had incurred indebtedness to various persons in the approximate sum of $6,500 for ''doctor bills, groceries, laundry, clothing, misc. household bills and money borrowed by her from various persons''; and in answer to the inquiry ''Based upon the foregoing facts I declare that the following sums are reasonably necessary, are within the ability of my husband to pay, and that it will be fair and equitable to require him to pay them,'' she stated ''Indebtedness incurred by plaintiff, to date, approx. sum of $6500.'' In the second affidavit of plaintiff, sworn to April 21, 1955, in answer to the same questions she stated the amount was $3,400. The order directed the husband to show cause why he should not provide reasonable support for plaintiff and the children. The affidavits of plaintiff which were received in evidence by stipulation showed that plaintiff had incurred the bills for the necessities of life. Plaintiff testified as to each item, giving the person or firm to whom the money was owing, why and for what it had been incurred, and that each was due and owing. Many of the items had been incurred before the parties separated. Some of the

creditors were pressing plaintiff for payment and threatening suit.

We find no uncertainty compelling a reversal of this part of the order. It says defendant shall pay all bills listed in exhibit 1, with specified exceptions. Exhibit 1, a part of the record here, lists the names of a number of persons and firms and the amount owed each. They are mostly well-known business houses. We cannot conceive that Low would have any difficulty locating them. The evidence shows he has not had any difficulty in the past. In the course of the hearing defendant agreed to pay the bills that had been incurred before the separation. Further it appears he has paid most of them since the order was made, reserving his rights on appeal. He complains particularly of an item, "Misc. Bills $175.00." Of course either the order or the exhibit should have specified the persons or firms and the amount owed each making up the miscellaneous items. However, plaintiff testified as to each item of miscellaneous bills, giving the name of the person or firm to whom the money was owed, what it was for, and the amount owed each. Further it appears that since the order was made, the miscellaneous items have been paid by the husband. Under the circumstances the record sufficiently identifies the bills ordered to be paid. There was no evidence that the bills were not incurred in good faith. The husband is in no way prejudiced. The payment of the bills is part of the support and maintenance granted to plaintiff and the children. The court did not err in ordering the husband to pay the bills listed in Exhibit 1, with the exceptions noted in the order. (See *Wilson* v. *Wilson,* 76 Cal.App.2d 119 [172 P.2d 568]; *Wilson* v. *Wilson,* 33 Cal.2d 107 [199 P.2d 671]; *Reed* v. *Reed,* 40 Cal.App. 102, 106 [180 P. 43].)

*The expenses of accountants.* We find nothing in the record to justify the award of "$500.00 on account of expenses of accountants to assist plaintiff in examination of the records of Nanco Incorporated." Nanco is a corporation the stock of which is wholly owned by the husband and is his separate property. He was not ordered to show cause why he should not be required to provide funds for an examination of the records of Nanco. There was and is no question respecting his ability to pay whatever amount the court might find to be reasonably necessary for the support and maintenance of plaintiff and the children and for attorney's fees and

costs.[1] No expense for accountants had been incurred. There was much evidence to the effect that Nanco, both before and after the parties separated, had paid household and other expenses of the Low family. But all of such evidence was for the purpose of showing the husband's ability to pay, about which he raised no question. It was not until the end of a protracted hearing that the subject of accountants' expense was mentioned. At that time counsel for plaintiff requested an allowance for accountants, stating that $500 might be the cost thereof. There was no evidence of any necessity for an examination of the records of Nanco at this time. The court erred in ordering the husband to pay plaintiff $500 on account of expenses of accountants.

*The order restraining disposition of community property.* The only evidence that there is any community property consists of statements in the affidavits of plaintiff that the community property belonging to husband and wife is ''Cash in possession of husband $ Unknown but believe substantial,'' ''Furniture in home,'' ''Cash surrender value of insurance policies,'' ''Other community property unknown to plaintiff, but she believes same to be substantial.'' The affidavit of the husband said there was no community property. There was no testimony on the subject. The affidavits of plaintiff merely stated on information and belief that the husband had threatened to encumber or dispose of the community property of the parties. No facts were stated. (*Cf. Luitwieler* v. *Luitwieler,* 57 Cal.App. 751, 753-754 [207 P. 931].)

The general rule is that restraining orders may not be granted on affidavits the contents of which are stated on information and belief. (*Provident Land Corp.* v. *Provident Irr. Dist.,* 22 Cal.App.2d 105, 107-109 [79 P.2d 392].) An application for the drastic sanction of an order restraining the encumbering or disposing of community property should state the specific facts on which relief is sought, omitting averments on information and belief, inferences, generalities, and conclusions. (*McKay* v. *Retail Auto. S. L. Union No. 1067,* 16 Cal.2d 311, 320 [106 P.2d 373]; *E. H. Renzel Co.* v. *Warehousemen's Union,* 16 Cal.2d 369, 373 [106 P.2d 1]; *Provident*

[1]The order requires the husband to pay $800 a month for the support of plaintiff and the children, to pay the medical and dental expenses of plaintiff and the children, to pay the taxes and assessments on the home which is in joint tenancy, to pay $6,500 on account of plaintiff's attorney's fees and $500 costs, as to all of which defendant does not complain.

*Land Corp.* v. *Provident Irr. Dist., supra.*) There was no evidence the husband had encumbered or disposed of any community property. There was no evidence he had ever threatened to do so, and the trial judge stated he was not going to "determine separate and community property." The husband is active president of Nanco. All of its issued stock is his separate property. ▮ Reasonable increases from the earnings properly allowable on account of capital invested are his separate property. Gains attributable to his personal character, energy, ability, and capacity may be community property. (*Berry* v. *Berry*, 117 Cal.App.2d 624, 629 [256 P.2d 646].) The order places the husband in the impossible position of ascertaining and allocating separate and community interests. The court erred in restraining the husband from "disposing or encumbering community property."

### *The Appeal of Defendant Nanco, Incorporated*

The only part of the order which affects Nanco is the implication that it shall submit its records for examination to accountants selected by plaintiff. Since we have held that the provision of the order awarding plaintiff $500 on account of expenses of accountants to assist her in examination of the records of Nanco is erroneous, the implication that she may have accountants examine them falls and Nanco is not affected by the order. Plaintiff in her brief concedes that the order does not apply to or affect Nanco. It is therefore unnecessary to consider the effect of the failure of counsel for Nanco to join in the stipulation that the matter be heard by a judge pro tempore.

The part of the order which requires defendant Seth Low to pay $500 on account of expenses of accountants, and the part restraining him from disposing of or encumbering community property, are reversed. In all other respects the order is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.