[Civ. No. 22659.   Second Dist., Div. One.   Feb. 28, 1958.]

ALMA H. ESTES, Respondent, v. ROBERT S. ESTES, Appellant.

Leon J. Garrie for Appellant.

Combs & Hoose and Stanley Gleis for Respondent.

WHITE, P. J.—Defendant Robert S. Estes appeals "from that certain order made by the court in this action on January 4, 1957 and entered on January 8, 1957 . . . and from the whole thereof."

The action is one for divorce and the order from which defendant appeals was made on hearing of order to show cause. It requires that defendant pay $750 auditing expenses incurred by plaintiff for examination of the books and accounts of corporations in which defendant has an interest and from which his income is derived.

It is appellant's contention that the portion of the order requiring defendant to pay the expenses of said accountant must be reversed because "there is no evidence of any necessity for the examination of those records." In this respect he cites and relies upon the decision in *Low* v. *Low,* 143 Cal.App.2d 650, 654 [299 P.2d 1022], holding that the lower court therein erred in ordering the husband to pay plaintiff $500 on account of expenses of accountants. In the Low case, however, plaintiff wished to examine the books of a corporation wholly owned by defendant as his separate property. The only materiality of the evidence to be thus acquired would be to prove "husband's ability to pay, about which he raised no question."

In the instant action appellant husband urges that the court has ordered him to make payments beyond his income or other ability to pay. It is conceded that he claims partial ownership of three corporations. It is alleged by plaintiff that all of the stock of Bob Estes, a California corporation, is owned by defendant, who is the *alter ego* of said corporation; that said corporation owes defendant husband $40,000; and that said stock and debt are community property; that 6⅔ shares of stock (of a total of 20) of Rogers-Estes Engineering Corporation are owned by defendant as community property; that defendant owns 1,800 shares of Precision Motor Cars, a corporation, which is community property. Those allegations are denied by defendants husband, Precision Motor Cars, Rogers-Estes Engineering Corporation, and Bob Estes, a California corporation.

Under the circumstances of the instant action, as shown by the pleadings, affidavits and testimony before the court, we cannot say that the implied finding of the trial court that there was a necessity for examination of the books of the various defendants is without support.

The other ground urged for the reversal of the order

is that "It was an abuse of discretion for the court to order defendant to make payments which exceeded his total income, where he was enjoined from disposing of any community or separate property and there was no proof that the plaintiff is unable to work." In this connection he cites and relies upon the decision in *Sweeley* v. *Sweeley*, 28 Cal.2d 389, 390 [170 P.2d 469], wherein an order for $225 monthly temporary alimony was reversed. There the husband's monthly income was $460.45 and his total cash was $100, while the wife (a resident of Illinois) had under her control and in her possession the sum of $5,800 in cash remaining from the proceeds of the sale of the Illinois home of the parties. The Supreme Court said, at pages 393 and 394, thereof: "It is true that the trial court has a substantial range of discretion in determining whether support and suit money pendente lite are necessary and that the amount found necessary will not be disturbed on appeal unless an abuse of discretion clearly appears . . . but where, as here, it does clearly appear that the trial court, either from a misapprehension of the effect of its order (as seems probable), or otherwise, requires payments which are not shown to be necessary and which, in view of all the circumstances, including the substantial amount of cash in the possession and control of defendant, are manifestly disproportionate to the needs and assets of the respective parties, the order cannot be sustained as an exercise of sound judicial discretion . . ."

In *Fallon* v. *Fallon*, 86 Cal.App.2d 872 [195 P.2d 878], an award in favor of plaintiff wife was affirmed for attorneys fees and costs on appeal. At page 873, the court said: "The wife seeking these awards must establish her necessity for them. Such necessity may be proved only by showing that her need for proper support and the expenses of the litigation exceed her available resources. This means that the trial judge must be informed in detail not only as to her needs . . ., but also as to her resources."

There is testimony in the instant action that respondent was a dance instructor at Arthur Murray's from 1943 to 1946. She married the appellant in February 1949, their child was born in December 1949, she has earned no money since her marriage, and has none in her possession or under her control.

In *McBride* v. *McBride*, 95 Cal.App.2d 329, 330 [213 P.2d 9], the court said: "We are mindful of the cases holding that an order should be made when a wife's testimony that she is

wholly without income stands uncontradicted . . . but such cases presuppose a showing that the husband can pay.''

Appellant, in his opening brief, states that "the probable explanation of the action of the trial court in compelling defendant to make payments in an amount over and above his total income is that the actual total amount of the miscellaneous items to be paid by the defendant was not apparent to the court. . . . It is also possible that the court inadvertently overlooked the fact since he had refused to grant defendant's motion to modify that portion of the July 16, 1956, order restraining the parties from transferring or encumbering any property pending the trial of the action that defendant could not even raise the means of making the required payments by liquidating his business assets.''

The restraining order last above referred to contains the following phrase "excepting in the due course of business or for the necessities of life.'' From appellant's own testimony, it can be inferred that one of his corporate businesses has a net worth in the neighborhood of $350,000; that their home (in which respondent and the child are still living) is valued at $60,000; that he is able to borrow at will; that respondent, with their minor son, has continued to incur the same expenses for the two of them as during some years before the separation; that since their separation appellant has spent a $10,000 cashier's check which he then had in his possession and has placed another cashier's check for $7,500 in escrow in an "oil deal.'' It also appears in the record that Bob Estes, a California corporation, entirely owned and managed by appellant, during eleven months of 1956 paid appellant $11,000 salary, but, on its statement, showed a profit for those eleven months in excess of $18,000. There is considerable conflict in the evidence as to appellant's income. Near the end of the hearing where the order was made, the trial court said, ''From Mr. Estes' attitude concerning his business, everything is going to be difficult. If his testimony were accepted at its face value, he is unable to make any payments whatever, so he is going to have to finance the discharge of these accumulated balances and this further support money by borrowing, or perhaps selling stock or some other assets so that these payments can be made.''

We are persuaded that the payments required by the order are ''necessities of life,'' for the payment of which appellant is not restrained from transferring or encumbering property.

In finding that the husband has the ability to pay the amounts ordered the court is not restricted to a consideration of his salary alone, but may consider all the evidence concerning his income, assets and abilities. Where, as on the instant appeal, there is substantial evidence that the husband has the "capacity to discharge the obligation of the support award," such award is not such an abuse of discretion as would warrant a reversal on appeal.

The order is affirmed.

Doran, J., and Fourt, J., concurred.