[Civ. No. 19399.   First Dist., Div. One.   Mar. 14, 1961.]

PATRICIA N. MEAGHER, Respondent, v. WILLIAM G. MEAGHER, JR., Appellant.

Wilhelm & Blatt, Robert O. Wilhelm and William J. Graham for Appellant.

Haley, McInerney & Logan and William H. McInerney for Respondent.

TOBRINER, J.—Appellant husband appeals from a superior court order directing him to pay to respondent wife and the minor children of the parties approximately $750 per month as temporary alimony and support. He charges that the court "abused its discretion" in ordering him to pay more per month "than the evidence showed he was earning." We believe that for the reasons discussed *infra* the trial court's order constituted a proper exercise of its discretion.

We set forth the facts briefly.

Appellant left respondent and their home in Oakland, California, on August 25, 1959. As of that date, appellant earned $2,083 per month as vice president of sales of Independent Iron Works, Inc., a family-owned corporation in which he held 410 shares of stock. From November 1957, to September 1959, he had been paid that amount. For the month of September, however, he received $750. On September 30, 1959, he terminated his employment with the Independent Iron Works and went to work for $624.05 per month as a salesman for Frees and Sons, a Kentucky firm in the process of purchase either by Independent Iron Works or appellant's family. Respondent filed a complaint for divorce in Alameda County on October 15, 1959. Thereafter, on December 9, 1959, appellant obtained a default divorce in Nevada.

Respondent applied for attorneys' fees, court costs, alimony pendente lite, allowance for support, and custody of the three minor children, showing that to maintain herself and the children she required approximately $900 per month. The court awarded her $300 per month alimony, $100 per month for support of each of the three children, $750 attorneys' fees, $250 for costs, and approximately $150 per month from rent on a gasoline station owned by the parties. The order provided that appellant pay all existing obligations and taxes on the residence. The court further enjoined other designated defendant officers and owners of the Independent Iron Works from altering in any way the interests of appellant, respondent, or their children in the corporation. These defendants have not appealed from that order.

Since the husband does not question the need of the wife and family for the awarded amount, the sole issue turns upon the husband's ability to pay that amount.

The facts indicated that for the 22 months preceding the separation appellant earned $2,083 per month working for the family-owned corporation; that he terminated such employment almost immediately after the separation and commenced work at $624.05 take-home pay per month with a firm whose purchase his family or the family corporation was currently negotiating. Appellant was 41 years of age and in good health. He owned a substantial stock interest in an admittedly highly valuable family corporation. He apparently terminated his favorable association with that corporation at the very time he deserted his family and sought to shed his family responsibilities. In view of those facts the trial court could

properly conclude that the "potential of this man" and his apparent "substantial interest" in the family corporation indicated his ability to meet the awarded payments. The court could evaluate the peculiar coincidence of salary reduction in the family-owned firm and the marital separation.

Instead of narrowly circumscribing the trial court to a consideration of the single aspect of the husband's current earnings, the cases wisely permit an examination of the total situation. The husband's plea in *Estes* v. *Estes* (1958), 158 Cal. App.2d 94 [322 P.2d 238], that it " 'was an abuse of discretion for the court to order defendant to make payments which exceeded his total income,' " (p. 96) sounds in the same key as that of appellant. But the court quieted it with this observation: "In finding that the husband has the ability to pay the amounts ordered the court is not restricted to a consideration of his salary alone, but may consider all the evidence concerning his income, assets and abilities. Where, as on the instant appeal, there is substantial evidence that the husband has the 'capacity to discharge the obligation of the support award,' such award is not such an abuse of discretion as would warrant a reversal on appeal." (P. 98.)

The argument that at the time of the hearing the husband's actual earnings failed to equal the awarded amount, and that the order was therefore arbitrary, does not strike a new note. It has been heard many times before. Yet the cases have frequently and uniformly held that the court may base its decision on the husband's ability to earn, rather than his current earnings. If the court were limited to the momentary current earnings of a husband, particularly one who was engaged in a seasonal industry or whose earnings had widely fluctuated, the court would get a distorted view of his financial potential. (*Pencovic* v. *Pencovic* (1955), 45 Cal.2d 97, 100 [287 P.2d 501]; *Hall* v. *Hall* (1954), 42 Cal.2d 435, 442 [267 P.2d 249]; *Webber* v. *Webber* (1948), 33 Cal.2d 153, 160 [199 P.2d 934]; *Elliott* v. *Elliott* (1958), 162 Cal.App.2d 350, 357 [328 P.2d 291]; 16 Cal.Jur.2d 470.) The factual situation here thus falls dismally short of any showing of the necessary abuse of discretion of the trial court. (*Hudson* v. *Hudson* (1959), 52 Cal.2d 735, 745-746 [344 P.2d 295].)

Nor do appellant's cases advance his cause. While in the cited case of *Sweeley* v. *Sweeley* (1946), 28 Cal.2d 389 [170 P.2d 469], the defendant wife physically could not work, possessed no assets of her own, and needed $359.50 per month for living expenses for the minor child and herself, she held

$5,800 cash which belonged to the husband as his separate property. In reversing an award to the wife of $225 monthly, the Supreme Court concludes: ". . . where . . . the trial court . . . requires payments . . . which, in view of all the circumstances, including the substantial amount of cash in the possession and control of defendant, are manifestly disproportionate to the needs and assets of the respective parties, the order cannot be sustained as an exercise of sound judicial discretion." (P. 394.) *Spreckels* v. *Spreckels* (1952), 111 Cal.App.2d 529 [244 P.2d 917], and *Forrest* v. *Forrest* (1954), 125 Cal.App.2d 674 [271 P.2d 70], cited by appellant, pertain to the need and requirements of the wife rather than the ability of the husband to pay the awarded amount. *Arnold* v. *Arnold* (1932), 215 Cal. 613 [12 P.2d 435], likewise cited by appellant, involves a situation in which the court refused to permit the husband to testify as to his earnings, prompting the Supreme Court to state: "It is manifest that the trial court erroneously and arbitrarily precluded the appellant from introducing evidence on the main point in issue." (P. 615.) The trial court here did not reject any proffered testimony on this issue; indeed, the husband did not so much as appear at the trial to testify.

The trial court did not abuse its discretion in granting this order for temporary alimony and support; the court properly considered appellant's potential earning power, projected against the background of his past earnings, as well as his assets. Appellant's earning power, which had reached $2,083 per month, did not expire with the marital separation, but continued; it clearly furnished an appropriate and crucial element in the court's determination of appellant's ability to pay for the future support of his wife and family.

We affirm the order.

Bray, P. J., and Duniway, J., concurred.