Argued and submitted September 5, 1986, affirmed as modified February 11, 1987

In the Matter of the Marriage of

KLOCK,
*Appellant,*

*and*

KLOCK,
*Respondent.*

(D8508-65876; CA A38679)

733 P2d 65

Michael R. Jordan, Portland, argued the cause for

appellant. With him on the brief was Jordan & Jordan, Portland.

Brian M. Sullivan, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals from a judgment of dissolution. She assigns as errors that the court 1) did not award joint custody of the parties' minor children, 2) awarded custody of the parties' 20 year old daughter to husband, 3) awarded no child support, spousal support or attorney fees and 4) made an inequitable division of property.

Husband and wife were married in 1961 and have three children, two of whom at the time of trial were age 16 and one age 20. Husband was then 43 years old. He has been an asbestos installer since 1962, but was temporarily unemployed throughout the dissolution proceedings. He anticipated returning to work in six months to a year. His unemployment compensation at the time of trial was $816 per month. His income when he was employed had averaged approximately $40,000 annually.

At the time of trial, wife was 42 years old. She had no significant work experience outside the home during the marriage. Eight months before trial, wife and a partner started a residential and commercial cleaning service. Wife's share of the income from that business is approximately $400 per month.

Although counsel for both parties stated at trial that the parties wanted joint custody of the two minor children, the court awarded custody of one child to each parent. The court also awarded custody of the 20-year old daughter to husband. Husband did not cross-appeal on the issue of joint custody and now contends that the court's custody award was proper. A court is not bound to accept the parties' agreement concerning custody. *Whitlow and Whitlow,* 25 Or App 765, 767, 550 P2d 1404 (1976). We have recognized that joint custody requires a willingness and ability to cooperate in sharing the rights and responsibilities of parental decision making. *See Jenks and Jenks,* 55 Or App 824, 832, 640 P2d 1032, *modified on other grounds,* 294 Or 236, 656 P2d 286 (1982); *Murray and Musto,* 47 Or App 245, 249, 614 P2d 132, *rev den* 290 Or 1 (1980). We give weight to the judgment of the trial judge who was able to see the parties and determine whether joint custody would be in the best interests of the children. *See* ORS 107.137; *Whitlow and Whitlow, supra,* 25 Or App at 768. Moreover, although both parties indicated at trial that they wanted joint

custody, they also testified that they each wished to retain physical custody of the minor child with whom each then resided. We have previously stated that "we do not comprehend the concept of separating 'joint legal custody' from 'physical custody.' " *Handy and Handy,* 44 Or App 225, 229, 602 P2d 738 (1980). We affirm the award of custody of the two minor children.

■ The court did err, however, in awarding custody of the parties' adult daughter to husband, because she was over age 18. ORS 107.105(1)(a). The judgment is modified to delete that provision.

■ We agree with wife that the court erred in failing to award her spousal support. This is a long-term marriage, and wife has limited employment experience and job skills. Her business is newly established, although it shows some promise of success. Husband's monthly unemployment compensation is twice the amount of wife's monthly income from her business. His future employment prospects are uncertain, but his union representative testified that he should be returning to work within six months to a year at wages not substantially less than those he had earned before. Under the present circumstances, permanent spousal support of $200 per month is appropriate, and we conclude that the judgment should be modified accordingly.[1] *See* ORS 107.105(1)(d); *Grove and Grove,* 280 Or 341, 347, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

Wife's other assignments of error are without merit. We agree with the trial court that wife should support the child in her custody. We conclude that an approximately equal property division was equitable under the circumstances. The court did not abuse its discretion in failing to award attorney fees to wife.

Paragraph 2 of the dissolution judgment modified to delete custody award of Kimberly and paragraph 5 modified to provide that wife receive $200 per month permanent spousal

---

[1] In its memorandum opinion, the court stated that "[t]he present financial situation of the parties does not suggest that support is appropriate, although support may be appropriate at a later date if circumstances change." A court, however, cannot modify a decree to include spousal support if none was initially ordered. *See* ORS 107.135(1)(a).

support from the date of the original judgment; affirmed as modified. Costs to wife.