Gary **MULLER**, Appellant (Plaintiff),

v.

Pauline **MULLER**, Appellee (Defendant).

No. 92–53.

Supreme Court of Wyoming.

Sept. 28, 1992.

Fred R. Dollison of Shoumaker and Dollison, Sheridan, for appellant.

Sharon L. Kinnison of Holstedt & Kinnison, Sheridan, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

URBIGKIT, Justice.

Economic disaster attended these litigants' construction company, domestic disharmony followed in their marriage and, finally, the wife became seriously ill and in declining health. The trial court's effort to resolve these difficulties by an award of $100 per month alimony has dissatisfied the husband. He now appeals.

We affirm the trial court.

Gary Muller, appellant, and Pauline Muller, appellee, had been married for about sixteen years when they ended their relationship by a divorce. Three unpleasant occurrences combined to create their marital troubles. The construction business which they had operated fell into severe financial difficulty, Pauline developed disabling health problems, and Gary was accused of developing alternative romantic interests.

Although not desired by the husband, the trial court, in an effort to divide property and address debts, directed the general sale of their mutual assets for application to the business indebtedness, including federal withholding taxes from which bankruptcy would provide no relief. Although the husband's dissatisfaction developed from the trial court's direction to sell the business assets, this appeal only presents a simple challenge contesting the alimony award to Pauline of $100 per month.

The need for or propriety of the alimony award for Pauline is not an issue, leaving only for our resolution the even more confined issue: Did the trial court award alimony when the husband had no demonstrable capacity to pay? We resolve this appeal by finding absence of abuse of exercised discretion. Clearly the trial court considered the total record. Within the

* Chief Justice at time of oral argument.

conflicting evidence, the trial court was entitled to find that the husband, after sixteen years of marriage and with his wife in ill health, could obtain adequate income to make a modest alimony contribution of $100 per month.

■ Certainties attend few human accomplishments and the trial court, in divorce decisions, is entitled to recognize reasonable possibilities for decisional purposes. *Young v. Young,* 472 P.2d 784, 786 (Wyo.1970). The trial court was not confined to the husband's unemployment or potential future unemployment, but was justified in considering employment expectancy reasonably created by his experience, capability and physical ability. Certainly with the disabling health condition of Pauline and her budget "needs" of $1,000 per month, a $100 alimony award could not be considered factually excessive.

Although alimony may not be favored under Wyoming case law, *Broadhead v. Broadhead,* 737 P.2d 731 (Wyo.1987); *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1269 (Wyo.1978), McClintock dissenting; *see also Grosskopf v. Grosskopf,* 677 P.2d 814, 821 (Wyo.1984) and *Young v. Young,* 472 P.2d 784 (Wyo.1970), it is specifically authorized by statute and recognized to be appropriate under the proper circumstances. Wyo.Stat. § 20–2–114 (1987) provides:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for

life, or may decree a specific sum be paid by either party.[1]

In considering alimony in a wide variety of factual circumstances, *see Sellers v. Sellers*, 775 P.2d 1029 (Wyo.1989); *Grosskopf*, 677 P.2d 814; *Hendrickson*, 583 P.2d 1265; *Young*, 472 P.2d 784; and *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 22 P.2d 199 (1933), this court has stated that in making a just and equitable settlement, judicial discretion is not a reward or punishment but simply fairness. *Storm v. Storm*, 470 P.2d 367 (Wyo.1970); *Beckle v. Beckle*, 452 P.2d 205 (Wyo.1969).

■ One procedural principle, followed by two substantive concepts, has found consistent application in Wyoming cases which now direct affirmation of this decision. First, the decision for any award of alimony is vested within the responsible discretion of the trial court. *Underkofler v. Underkofler*, 834 P.2d 1140 (Wyo.1992); *Kennedy v. Kennedy*, 761 P.2d 995 (Wyo. 1988); *Hendrickson*, 583 P.2d 1265; and *Young*, 472 P.2d 784. In general substantive requirement, we are directed by statute and case law to find a reasonable ability to pay. *Sellers*, 775 P.2d 1029; *Hendrickson*, 583 P.2d 1265; *Young*, 472 P.2d 784; *Lonabaugh*, 22 P.2d 199. *See also Dice v. Dice*, 742 P.2d 205 (Wyo.1987).

The third concept, as a component of the second, provides the specific adjudicatory challenge of this appeal. It is whether a reasonable expectancy can be used with the test of demonstrated ability to pay to meet the required fairness and equity end result. This specific issue has not previously garnered our attention in any designated appellate issue, although the generic understanding of the requirement to pay criteria has been regularly enforced. *See, e.g., Hendrickson*, 583 P.2d 1265; *Young*, 472 P.2d 784; *Ramsey v. Ramsey*, 76 Wyo. 188, 301 P.2d 377 (1956); and *Lonabaugh*, 22

P.2d 199. In *Ramsey*, the property settlement (alimony) lump sum award was modified on appeal into periodic payments to meet an ability to pay standard for the husband. In *Warren v. Warren*, 361 P.2d 525, 528 (Wyo.1961), what was constituted in the decree to be alimony was reconstructed by this court into part of the property settlement for a result defined to be "just and equitable."

The closest this court came to any reasonable expectancy analysis was provided in a property division application. In *Dice*, 742 P.2d 205 and *Broadhead*, 737 P.2d 731, we considered division of retirement programs not matured at the time of the divorce. In *Storm*, 470 P.2d 367, the settlement in lieu of alimony included a future inheritance. We said:

> Inasmuch as the divorce in this case was sought several months before defendant's expectancy matured; and inasmuch as trial was had and the decision of the court announced before defendant inherited a half interest in his father's ranch, the inheritance must, in equity, be considered the same as future property regardless of the exact date of the entry of the final decree. It would not be "just and equitable" to consider such property a part of the marital estate and in the hands of the court for disposition.
>
> In speaking of future property, we are referring to a prospective expectancy of an estate which may come into being in the future as distinguished from future benefits to be derived from an estate already in existence.

*Id.* at 370.

That concept was further advanced in *Kane v. Kane*, 577 P.2d 172, 175 (Wyo. 1978):

---

1. This court has considered a fair number of cases where alimony was granted, denied or otherwise considered. In addition to those cited above, these appeals, many of which were cited in present briefing, would generally include: *Moore v. Moore*, 33 Wyo. 230, 237 P. 235 (1925); *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 22 P.2d 199 (1933); *Ramsey v. Ramsey*, 76 Wyo. 188, 301 P.2d 377 (1956); *Warren v. Warren*, 361 P.2d 525 (Wyo.1961); *Martens v. Martens*, 364 P.2d 995 (Wyo.1961); *Biggerstaff v. Biggerstaff*, 443 P.2d 524 (Wyo.1968); *Beckle v. Beckle*, 452 P.2d 205 (Wyo.1969); *Storm v. Storm*, 470 P.2d 367 (Wyo.1970); *Piper v. Piper*, 487 P.2d 1062 (Wyo.1971); *Paul v. Paul*, 616 P.2d 707 (Wyo. 1980); *Kennedy v. Kennedy*, 761 P.2d 995 (Wyo. 1988); *Sellers v. Sellers*, 775 P.2d 1029 (Wyo. 1989); *Williams v. Williams*, 817 P.2d 884 (Wyo. 1991). *See also Underkofler v. Underkofler*, 834 P.2d 1140 (Wyo.1992) (involving $1 alimony).

[W]e do not question the contention of the defendant that whether a property settlement is just and equitable should be determined as of the date the decree was entered, but feel compelled to note that the disposition of property of the parties is an equitable function of the court, *Storm v. Storm,* Wyo., 470 P.2d 367 (1970), and that while a mere expectancy cannot be the subject of division, a distinction can and must be made between an estate that may come into existence in the future and future benefits to be derived from an estate already in existence. Here, the Montana ranch is owned by the parties. What may happen to it in the future may be somewhat uncertain, but the trial court was required to deal with it as a presently existing and material asset of the marriage.

It is logical to extract from that concept an equivalent rule. We approve the reasonable expectancy provided by a determinable earning capacity to sustain the minimal alimony provided here. The guideline was established by Justice Tobriner, some thirty-one years ago, in a California appellate decision:

Instead of narrowly circumscribing the trial court to a consideration of the single aspect of the husband's current earnings, the cases wisely permit an examination of the total situation.  * * *

The argument that at the time of the hearing the husband's actual earnings failed to equal the awarded amount, and that the order was therefore arbitrary, does not strike a new note. It has been heard many times before. Yet the cases have frequently and uniformly held that the court may base its decision on the husband's ability to earn, rather than his current earnings. If the court were limited to the momentary current earnings of a husband, particularly one who was engaged in a seasonal industry or whose earnings had widely fluctuated, the court would get a distorted view of his financial potential.

*Meagher v. Meagher,* 190 Cal.App.2d 62, 11 Cal.Rptr. 650, 651 (1961); *see also In re Marriage of Flaherty,* 31 Cal.3d 637, 183 Cal.Rptr 508, 511–12, 646 P.2d 179, 182–83 (1982).

In one text, the rule is stated:
**Earning capacity and other potential income—of obligor spouse.**

In the determination of alimony, consideration should be given to the obligor spouse's earning capacity, future prospects, and probable acquisition of wealth from any source whatever.

24 Am.Jur.2d *Divorce and Separation* § 662 (1983). This rule has a seasoned history and application. *See, e.g., Smyth v. Smyth,* 198 Okl. 478, 179 P.2d 920, 923 (1947) and *Hanks v. Hanks,* 296 N.W.2d 523 (S.D.1980); *cf. Straub v. Straub,* 381 N.W.2d 260 (S.D.1986); *see also Hickland v. Hickland,* 39 N.Y.2d 1, 382 N.Y.S.2d 475, 346 N.E.2d 243 (1976).

The consistent perspective has also been applied to the earning capacity of the recipient spouse to come within, what we characterize for this appeal, a reasonable expectancy of earning capacity. *In re Marriage of Rolfe,* 216 Mont. 39, 699 P.2d 79 (1985); *Marriage of Cromwell,* 180 Mont. 40, 588 P.2d 1010 (1979). Compare *Ross v. Ross,* 103 Idaho 406, 648 P.2d 1119 (1982), where a large alimony award was reversed in view of the ex-wife's capacity to go back to fruitful employment.

Historical earning power can be fairly considered in awarding alimony. *Olson v. Olson,* 704 P.2d 564, 566 (Utah 1985). Similar consideration was given to a future expectancy in *Matter of Marriage of Klock,* 83 Or.App. 656, 733 P.2d 65 (1987), where both present unemployment compensation and future normal craft trade income were considered. A foreseeable circumstance case, in reverse application, resulting in award of only nominal alimony was found in *Standage v. Standage,* 147 Ariz. 473, 711 P.2d 612 (App.1985). See similarly, with the same one dollar alimony, *Underkofler,* 834 P.2d 1140.

Present unemployment of the obligor spouse is not preclusive for alimony responsibility. *Russell v. Russell,* 101 N.M. 648, 687 P.2d 83 (1984); *see also Matter of Marriage of Klock,* 733 P.2d 65.

A realistic business income expectancy test, although not defined in those words, was applied in *Jones v. Jones,* 700 P.2d 1072 (Utah 1985), where the court reversed the alimony award as inequitably inadequate. Adequate business income to pay alimony to a sick ex-wife was established despite claimed impossibility by *In re Marriage of Yadon,* 216 Mont. 59, 699 P.2d 75 (1985). The husband was awarded the business in a divorce property settlement and its expectant income justified a realistic consideration of alimony for the divorced spouse.

Within the composite perspective of these cases, we can find appropriate compliance with the trial court's exercise of discretion. No abuse of discretion resulted from the trial court's consideration of circumstances of age, working capacity, and period of marriage. When weighed in conjunction with the significantly distressed status of the dispossessed wife, justification existed for the $100 monthly alimony award.

Affirmed.